Fill in this information to identify the case:

| | |
|---|---|
| Debtor 1 | Mark H Stroh |
| Debtor 2 (Spouse, if filing) | Diane J Stroh |
| United States Bankruptcy Court for the: Southern District of Ohio (Columbus) | |
| Case number | 15-50251 |

**Official Form 410S1**

# Notice of Mortgage Payment Change

If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.

**Name of Creditor:** Wells Fargo Financial Ohio 1, Inc.          **Court claim no.** (if known): 1

**Last 4 digits** of any number you use to identify the debtor's account: 8209

**Date of payment change:**
Must be at least 21 days after date of this notice          12/12/2016

**New total payment:**
Principal, interest, and escrow, if any          $5,343.01

**Uniform Claim Identifier:** WFCMGE1550251OHS86468209

## Part 1: Escrow Account Payment Adjustment

**1. Will there be a change in the debtor's escrow account payment?**

☑ No

☐ Yes   Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law.
Describe the basis for the change. If a statement is not attached, explain why:
_____

Current escrow payment: _____          New escrow payment: _____

## Part 2: Mortgage Payment Adjustment

**2. Will the debtor's principal and interest payment change based on an adjustment to the interest rate in the debtor's variable-rate note?**

☐ No

☑ Yes   Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law.
If a notice is not attached, explain why:
_____

| | | | |
|---|---|---|---|
| Current interest rate: | 8.375% | New interest rate: | 8.375% |
| Current principal and interest payment: | $1,494.65 | New principal and interest payment: | $1,519.20 |

## Part 3: Other Payment Change

**3. Will there be a change in the debtor's mortgage payment for a reason not listed above?**

☑ No

☐ Yes   Attach a copy of any documents describing the basis for the change, such as a repayment plan or loan modification agreement. (Court approval may be required before the payment change can take effect.)

Reason for change: _____

Current mortgage payment: _____          New mortgage payment: _____

The CM/ECF system imposes certain constraints, including limits on the number of characters that may be entered into certain fields, when filing a proof of claim. As a result of these constraints and limitations, the creditor name that appears on the bankruptcy court's claims register (and any supplemental proof of claim) may differ from the creditor name that appears on the actual proof of claim form.

## Part 4: Sign Here

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

✗ /s/ Corey Phuse
VP Loan Documentation of Wells Fargo Bank N.A.,
as Servicing Agent for Wells Fargo Financial

Date  11/21/2016

Print: Corey Phuse

Title  VP Loan Documentation of Wells Fargo Bank N.A.,
as Servicing Agent for Wells Fargo Financial

Company  Wells Fargo Bank, N.A./Wells Fargo Home Mortgage
Address  MAC N9286-01Y
1000 Blue Gentian Road
Eagan, MN 55121-7700

Specific Contact Information:
P: 800-274-7025
E: NoticeOfPaymentChangeInquiries@wellsfargo.com

# UNITED STATES BANKRUPTCY COURT

Southern District of Ohio (Columbus)

Chapter 13 No. 15-50251

In re:  
Judge: C. Kathryn Preston

Mark H Stroh and Diane J Stroh

Debtor(s).

## CERTIFICATE OF SERVICE

I hereby certify that on or before November 21, 2016, I served a copy of this Notice and all attachments upon each of the entities named below by the court's notice of electronic filing or by placing a copy thereof in an envelope, in the United States Mail with first class mail postage prepaid, addressed to each of them as follows:

By U.S. Postal Service First Class Mail Postage Prepaid:

Debtor:      Mark H Stroh  
Diane J Stroh  
1888 Plains Blvd  
Powell, OH 43065

Debtor's Attorney:      Karen E Hamilton  
31 East Whittier Street  
Columbus, OH 43206

Trustee:      Frank M Pees  
130 East Wilson Bridge Road  
Suite 200  
Worthington, OH 43085

/s/ Alicia Fisher  
---  
4 S Technologies, LLC  
(as authorized agent for Wells Fargo Bank, N.A./Wells Fargo Home Mortgage)

MAY-13-2004 THU 08:48 PM          FAX NO.                P. 21

0003316505
Name: STROH
Customer: WFFI
Pool: PORTFOLIO-PRIV
Location: 1031
10

# ADJUSTABLE RATE NOTE

**NOTICE TO BORROWER: THIS NOTE CONTAINS A PROVISION ALLOWING FOR CHANGES IN THE INTEREST RATE. INCREASES IN THE INTEREST RATE WILL RESULT IN HIGHER PAYMENTS. DECREASES IN THE INTEREST RATE WILL RESULT IN LOWER PAYMENTS. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

05/07/04                                  DUBLIN, OH           43017
[Date]                                    [City, State, Zip]

1888 PLAINES BOULEVARD, OH 43085
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 154701.58 (this amount consists of the Amount Financed and any Points and is called "principal"), plus interest, to the order of the Lender. The Lender is Wells Fargo Financial Ohio 1, Inc. I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of 8.85 %. The interest rate I will pay will change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(A) of this Note. Interest will be calculated on an interest-bearing basis.

## 3. PAYMENTS

**(A) Scheduled Payments**

I will pay principal and interest by making payments when scheduled. I will make my scheduled payments each month beginning on 06/12/04.

**(B) Maturity Date and Place of Payments**

I will make these payments as scheduled until I have paid all of the principal and interest and any other charges described below that I may owe under this Note.

My scheduled payments will be applied to interest before principal. If, on 05/12/24, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date."

I will make my scheduled payments at 2736 FESTIVAL LANE, 113, DUBLIN, OH, 43017 or at a different place if required by the Note Holder.

**(C) Amount of My Initial Scheduled Payments**

Each of my initial scheduled payments will be in the amount of U.S. $ 1377.00. This amount may change.

**(D) Scheduled Payment Changes**

Changes in my scheduled payments will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my scheduled payment in accordance with Section 4 of this Note.

**(E) Late Charge**

If the Note Holder has not received the full amount of any monthly payment by the end of 10 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be the greater of 5% of the full amount of my payment of principal and interest or $15. I will pay this late charge promptly but only once on each late payment.

## 4. INTEREST RATE AND SCHEDULED PAYMENT CHANGES

**(A) Change Dates**

Each date on which my interest rate could change is called a "Change Date." The interest rate I will pay may change on 05/12/07 and on every sixth month anniversary date thereafter that is before the maturity date. There will be no Change Dates on or after the maturity date. The interest rate in effect on the maturity date will remain in effect after the maturity date until the full amount of principal has been paid.

**(B) The Index**

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the highest "Prime Rate" as published by the *The Wall Street Journal*.

The Index figure published in *The Wall Street Journal* on the last business day of the month corresponding to one day preceding one month prior to the Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding FOUR AND 85/100 percentage points ( 04.85 % this number is referred to hereafter as the "Margin") to the Current Index. The result of this adjustment will be rounded off by the Note Holder to the nearest 0.125%. Subject to the limitations stated in Section

4(D) below, this amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the scheduled payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the maturity date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my scheduled payment.

(D) **Limits on Interest Rate Changes**

My interest rate will never be increased or decreased on the first Change Date by more than three (3%) percentage points. For all Change Dates thereafter, my interest rate will never be increased or decreased by more than one (1%) percentage point. Subject to any limitation set forth in Section 6 below, my interest rate will never be more than six (6%) percentage points greater than the initial interest rate set forth in Section 2 above. Notwithstanding anything to the contrary in this note, my interest rate will never decrease below the Margin.

(E) **Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new scheduled payment beginning on the first scheduled payment date after the Change Date until the amount of my scheduled payment changes again.

Page 1 of 3

ORIGINAL

13-MAY-2004 08:44

(F) Notice of Changes

At least 25 days, but no more than 120 days, before the effective date of any payment change, the Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my scheduled payment. The notice will include information required by law to be given to me and also the telephone number of a person who will answer any question I may have regarding the notice.

5. PREPAYMENT

If the Loan Statement indicates that a prepayment penalty may be charged and if I prepay my loan in whole or in part in one payment for any reason (including after a default) within 3 years from the date that I signed the mortgage securing my loan and more than 3 months before the maturity date, and my prepayment exceeds 10% of the remaining principal balance of my loan, the Note Holder may charge me a prepayment charge equal to the lesser of the following amounts ((A) or (B)): (A) 1% of the amount financed; or, (B) 6 months' interest (at the rate in effect at the time of prepayment) on the amount prepaid in excess of 20% of the original principal. Note Holder will not collect more than one prepayment charge on my loan and Note Holder will not collect a prepayment charge if my loan is prepaid by a loan made by Note Holder or one of Note Holder's affiliates.

6. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment. This loan and Note are governed by the laws of Ohio except that the rate and amount of interest and loan fee (points) are authorized by Public Law 96-221 as amended by Public Law 96-399. This loan is secured by a first lien on residential real estate.

7. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Default

If I do not pay the full amount of each scheduled payment on the date it is due, I will be in default.

(B) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

(C) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full or does not exercise the right of set-off as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(D) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

(E) Returned Check Charge

If a payment made by check is returned for any reason, except an error by Note Holder, I will pay Note Holder a fee equal to $20 plus any costs passed on by the dishonoring institution.

8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(B) above or at a different address if I am given a notice of that different address.

9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

10. WAIVERS

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means

the right to require the Note ▒▒▒▒▒ ▒▒ ▒▒▒▒ ▒▒▒▒▒▒ ▒▒ ▒▒▒▒▒ ▒▒▒▒▒▒ ▒▒▒ ▒▒▒ ▒▒▒ ▒▒▒ been paid.

## 11. SECURED NOTE

In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as the Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

Page 2 of 3

CH-20400404

13-MAY-2004 08:44

RECEIVED 2008/02/05 13:40:53

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**I ACKNOWLEDGE THE EXISTENCE OF A SEPARATE ARBITRATION AGREEMENT SIGNED CONCURRENTLY WITH THIS NOTE, AND I SPECIFICALLY AGREE TO BE BOUND BY ITS TERMS.**

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
MARK H. STROH                       -Borrower

_____ (Seal)
DIANE J. STROH                      -Borrower

[Sign Original Only]